UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STATE OF INDIANA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIERA LANAY BUTLER,<br><br>　　　　　Defendant. | CAUSE NO.: 2:24-CV-378-TLS-AZ |

**OPINION AND ORDER**

This matter is before the Court on the Defendant, Tiera Lanay Butler's, Motion to Remand, Assert Federal Jurisdiction, and Amend Notice of Removal [ECF No. 11], filed on November 15, 2024.[1] The Defendant is proceeding without counsel. For the following reasons, the Court denies the motion.

In this case, the Defendant previously sought to remove cause number 64D02-2306-F6-005582 from the Porter County, Indiana, Superior Court, *see* Notice of Removal, ECF No. 1,[2] which the Court found not well taken and remanded this case to the Porter County, Indiana, Superior Court 2, *see* Remand Order, ECF No. 5.[3] In the instant motion, the Defendant asks this Court to essentially reconsider the order remanding the case.[4] However, "it is universally held that once a federal district court remands a case and mails a certified copy of its order to the state court, the district court loses all jurisdiction, even if it later changes its mind." *City of Valparaiso. v. Iron Workers Local Union No. 395*, 118 F.R.D. 466, 468 (N.D. Ind. 1987)

---

[1] The case was assigned a civil cause number.
[2] The Defendant lists 64D02-2306-F6-13796 as the cause number she is removing from the Porter County, Indiana, Superior Court. *See* ECF No. 1. However, the court documents attached to the Notice of Removal list cause number 64D02-2306-F6-005582. *See* ECF No. 1-7.
[3] It has come to the Court's attention that the Court's Remand Order [ECF No. 5] contains a scrivener's error, which the Court is correcting by a separate order and which does not affect this Order.
[4] The Defendant does not cite the rule under which she seeks reconsideration.

(collecting cases). The relevant statute, 28 U.S.C. § 1447(d), provides that, except in cases removed under sections 1442 (federal officers or agencies sued or prosecuted) and 1443 (civil rights actions), remand orders are not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d). Here, the Defendant did not remove this case under § 1442 or § 1443, and the Court has already remanded this case to Porter County, Indiana, Superior Court 2 and mailed a certified copy of its order to that court. *See* Remand Order, ECF No. 5. Thus, the Court has no jurisdiction to reconsider its remand order. *See Woolsey v. Woolsey*, No. 2:22-CV-12, 2022 WL 363831, at *1 (N.D. Ind. Feb. 7, 2022) (denying motion to reconsider court's remand order because the court no longer had jurisdiction).

Even if the Defendant had removed this case under § 1442 or § 1443 and the Court had jurisdiction to reconsider its remand order, in the instant motion, the Defendant has failed to demonstrate newly discovered evidence, manifest errors of law or fact, or any other reason that would justify a finding that the Court should alter, amend, or otherwise grant the Defendant relief from the Court's Remand Order remanding this case to the Porter County, Indiana, Superior Court 2. *See Publishers Res. Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). Thus, the Defendant provides no basis for the Court to reconsider its remand order.

Based on the foregoing, the Court DENIES the Defendant's Motion to Remand, Assert Federal Jurisdiction, and Amend Notice of Removal [ECF No. 11].

SO ORDERED on November 20, 2024.

                                                      s/ Theresa L. Springmann
                                                    JUDGE THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT